# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE WESTERN DISCTRICT OF WASHINGTON

| | |
|---|---|
| BRIDGET DOYLE and STEVE PEARSON, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>-vs-<br><br>BAYER CORPORATION, a foreign corporation, and BAYER HEALTHCARE PHARMACEUTICALS, a foreign corporation,<br><br>Defendants. | NO. 24-1973<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR A JURY TRIAL** |

COME NOW Plaintiffs, Bridget Doyle and Steve Pearson, by and through their attorney of record, Reed Yurchak, for causes of action and state and allege as follows:

## I. PARTIES

1.1   At all times relevant hereto Plaintiffs, Bridget Doyle and Steve Pearson, (hereinafter, "Bridget" and "Steve" or "Plaintiffs" collectively) were a married couple residing at all times relevant hereto in King County, Washington.

1.2   At all times relevant hereto Defendant, Bayer Corporation, is an Indiana corporation with its principal place of business located in Pittsburgh, Pennsylvania. Upon

information and belief, Defendant, Bayer Corporation, is a wholly owned subsidiary of Bayer, AG, a foreign corporation domiciled in Germany, and responsible for the operations and distribution of the pharmaceutical products for the businesses in the United States.

1.3     At all times relevant hereto Defendant, Bayer HealthCare Pharmaceuticals, is a foreign corporation with its principal place of business located in Berkeley, California.

1.4     At all times relevant to this action, Bayer Corporation and Bayer AG shared many of the same officers and directors. The medical device in question was manufactured, marketed and distributed in the United States by Bayer Corporation.

1.5     There exists, and at all times mentioned there existed, a unity of interest in ownership between Bayer A.G., Bayer Corporation, and Bayer Healthcare such that any individuality and separateness between them has ceased and these Defendants are alter-egos of one another and exerted control over each other. At all times pertinent to this matter, they shared officers and directors and made all decisions in a uniform voice. Adherence to the fiction of the separate existence of these certain Defendants as entities distinct from one another will permit an abuse of the corporate privilege, would sanction fraud and promote injustice. Hereinafter, Bayer AG, Bayer Corporation, and Bayer Healthcare will be referred to collectively as "Bayer."

## II.     JURISDICTION AND VENUE

2.1     This Court has diversity jurisdiction pursuant to 28 USC §1332.

2.2     Venue is proper in this district under 28 USC §§1391(b) because it is the district in which a substantial part of the actions giving rise to the claims occurred.

## III.   FACTUAL ALLEGATIONS

3.1     Plaintiffs, Bridget Doyle and Steve Pearson, are a married couple with two children.

3.2     Bridget had a Mirena IUD placed at the UW Medical Center on July 21, 2010. She was 35 years old at the time and she and her husband decided that they did not want additional children. The Mirena IUD manufactured by Bayer was recommended as a safe, uncomplicated and effective birth control device. She returned 6 days following placement due to discomfort felt by her husband during intercourse. She and her husband decided that the issue was not significant enough to warrant removal of the device.

3.3     In 2012, Bridget suffered an ectopic pregnancy and was admitted to the Northwest Hospital. Her doctor noted that the IUD was no longer in the uterus and she was informed at that time that the IUD had "likely been expelled" from her body.

3.4     On April 27, 2023, Bridget was seen at The Polyclinic in Seattle for a persistent cough. An x-ray of her chest revealed a shadow in the abdomen, which was suspected to be her IUD. A follow-up x-ray at The Polyclinic confirmed the presence of the IUD in her abdominal cavity. She was referred to Dan Veljovich, MD at the Swedish Issaquah cancer center for a second opinion. Dr. Veljovich examined Bridget and her x-rays and concluded:

> In summary, Bridget Doyle is a 48 y.o. female who you have kindly referred for evaluation of an IUD that is migrated out of the uterus and appears to be in the abdominal cavity.

3.5     On June 7, 2023 Dr. Veljovich operated to remove the IUD. He described the procedure as follows:

> Da Vinci Robotic removal of foreign body, including dissection of posterior margin of omentum where IUD was densely encased, and had to be dissected out of encasement within the omentum …

3.6     Bridget suffered from significant, persistent pain following the procedure and suffered from additional damages, including special damages, that exceed the jurisdictional minimum of this court in an amount to be proven at trial.

## IV.  FIRST CAUSE OF ACTION
## STRICT PRODUCT LIABILITY IN TORT (FAILURE TO WARN)

4.1     Plaintiffs repeat and reallege each and every allegation contained in paragraphs I - III of this Complaint.

4.2     Defendants are manufacturers and/or supplier of the Mirena IUD.

4.3     The Mirena IUD manufactured and/or supplied by defendants was not accompanied with proper warnings to physicians and the medical community and consumers regarding all the possible adverse side effects associated with the use of the IUD and the comparative severity and duration of such adverse effects.

4.4     The warning information, packaging and labeling given to the medical community and consumers did not accurately reflect the symptoms, scope or severity of the potential side effects.

4.5     Defendants failed to perform adequate testing in that adequate testing would have shown that the IUD possessed serious potential side effects with respect to which full and proper warnings information, packaging and labeling accurately and fully reflecting symptoms, scope and severity should have been made.

4.6     The IUD manufactured and/or supplied by defendants was defective due to inadequate post-marketing warning or instruction because after defendants knew or should have known the risk of injury from the IUD.

COMPLAINT -- 4

**LAW OFFICE OF REED YURCHAK**
13555 SE 36th St., Ste. 100
Bellevue, WA 98006
TELE: 206-866-0766; FAX: 425-654-1205

4.7     Had adequate warnings or instructions been provided, Plaintiff would not have suffered the IUD's harmful side effects.

4.8     As the direct and legal result of the defective condition of the IUD as manufactured and/or supplied by defendants, and of the negligence, carelessness, other wrongdoing and actions of defendants described herein, Plaintiffs suffered damages including medical expenses, loss of income and pain and suffering in an amount to be proven at trial.

## V. SECOND CAUSE OF ACTION
## STRICT LIABILITY IN TORT – MANUFACTURING DEFECT

5.1     Plaintiffs repeat and reassert each and every allegation contained in paragraphs I – IV of this Complaint.

5.2     At all times material herein, Defendants, and each of them, are and were the manufacturers, distributers and suppliers of the IUD.  This product reached Plaintiff without any substantial change in its condition upon leaving the Defendants.

5.3     The IUD used by Plaintiff contained defects in its manufacture.  These defects existed at the time the IUD left the possession and control of the defendants.  The defects resulted in a product that was not in conformity with the manufacturer's intended result and manufacturing specifications.  The IUD Defendants sold and distributed was defective and unreasonably dangerous in that it was not fit for its intended use; it was insufficiently tested; it had harmful side effects that outweighed any potential utility; and it did not have adequate labeling or instructions for use and to advise the general public of the potential risks and serious side effects.

5.4     At all relevant times herein, the defects in the IUD caused the product to fail during the time that Plaintiff used it as described herein.

5.5     As the direct and legal result of the defective condition of the IUD as manufactured and/or supplied by defendants, and of the negligence, carelessness, other wrongdoing and actions of defendants described herein, Plaintiffs suffered damages including medical expenses, loss of income and pain and suffering in an amount to be proven at trial.

## VI.     THIRD CAUSE OF ACTION
## NEGLIGENCE PER SE

6.1     Plaintiffs repeat and reassert each and every allegation contained in paragraphs I – V of this Complaint.

6.2     At all times mentioned herein, Defendants had a duty not to violate the law or relevant regulations in the design, testing, production, marketing, packaging, warnings, labelling and manufacture of the IUD.

6.3     Defendants breached their duties to the general public and to its patients by violating the Federal Food, Drug and Cosmetic Act, 21 USC § 301, et seq., including all related amendments and federal regulations, and the Revised Code of Washington 19.28.371, and all regulations promulgated thereunder and other applicable laws, statutes and regulations.

6.4     Plaintiff, as a purchaser and user of the device, is within the class of persons the statutes and regulations described above are designed to protect and Plaintiff's injuries are the type of harm these statutes are designed to protect.

6.5     Defendants breached their duty to Plaintiff by failing to meet the standard of care set by the statutes and regulations identified herein, making Defendants negligent per se.

6.6     As a direct and legal result of the Defendants' negligence per se, Plaintiffs suffered damages including medical expenses, loss of income and pain and suffering in an amount to be proven at trial.

### VII.     FOURTH CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY

7.1     Plaintiffs repeat and reassert each and every allegation contained in paragraphs I – VI of this Complaint.

7.2     Defendants expressly warranted that the IUD was safe and effective in its intended use.

7.3     In fact the device did not conform to the express representations because the device has significant, harmful and serious side effects.

7.4     As a direct and proximate result of the breach of the express warranties made by Defendants, Plaintiffs suffered and continue to suffer injuries, harm and economic loss in an amount to be proven at trial.

### VIII.     FIFTH CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY

8.1     Plaintiffs repeat and reassert each and every allegation contained in paragraphs I – VII of this Complaint.

8.2     At the time the Defendants marketed, sold and distributed the device for use by consumers like Plaintiff, Defendants knew of the use for which the device was intended and impliedly warranted that the IUD was safe and effective for its intended use.

8.3     Contrary to such implied warranties, the device did not conform to the representations because the device has significant, harmful and serious side effects.

LAW OFFICE OF REED YURCHAK
13555 SE 36th St., Ste. 100
Bellevue, WA 98006
TELE: 206-866-0766; FAX: 425-654-1205

8.4     As a direct and proximate result of the breach of the implied warranties made by Defendants, Plaintiffs suffered and continue to suffer injuries, harm and economic loss in an amount to be proven at trial.

### IX.     SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES (RCW 19.86)

9.1     Plaintiffs repeat and reassert each and every allegation contained in paragraphs I – VIII of this Complaint.

9.2     That Defendants engaged in unfair business practices as prohibited by RCW 19.86.020, including the defective manufacture of an IUD device, failure to warn consumers of the risks of use of the device and the failure to failure to warn consumers of the potential harms associated with the use of the device.

9.3     The Defendants purposely placed into the stream of commerce devices it knew or should have known had risks of use or that the devices may not perform as expressly or impliedly warranted by Defendants.

9.4     The wrongful actions of Defendants caused injury and harm not only to Plaintiffs, but to all other users and consumers of the IUD located within the State of Washington.  Specifically, Defendants continued to expose all consumers of an undisclosed risk of harm in the use of the device.

9.5     As a direct and proximate result of the violation of the Unfair Business Practices, Defendants caused Plaintiffs damages, harm and injury in an amount to be proven at trial.

## X. **DAMAGES**

10.1   Plaintiffs repeat and reassert each and every allegation contained in paragraphs I – IX of this Complaint.

10.2   As a direct and proximate result of the wrongful conduct alleged herein against the Defendants, Plaintiffs have suffered physical injuries and are entitled to be compensated for those injuries in an amount to be proven at trial.

10.3   As a direct and proximate result of the wrongful conduct alleged herein against the Defendants, Plaintiffs have incurred medical expenses and other out of pocket expenses and are entitled to be compensated therefrom in an amount to be proven at trial.

10.4   As a direct and proximate result of the wrongful conduct alleged herein against the Defendants, Plaintiffs have suffered and will continue to suffer physical pain and suffering and are entitled to be compensated therefrom in an amount to be proven at trial.

10.5   As a direct and proximate result of the wrongful conduct alleged herein against the Defendants, Plaintiffs have suffered mental and emotional distress, loss of life's enjoyment, and are entitled to be compensated therefrom in an amount to be proven later at trial.

10.6   As a direct and proximate result of the wrongful conduct alleged herein against the Defendants, Plaintiff Steve Pearson has suffered a loss of consortium in an amount to be proven at trial.

10.7   Plaintiffs are entitled to reasonable attorney's fees and costs incurred herein pursuant to RCW 19.86.090.

10.8   Plaintiffs are entitled to treble damages under RCW 19.86.090.

**LAW OFFICE OF REED YURCHAK**
13555 SE 36th St., Ste. 100
Bellevue, WA 98006
TELE: 206-866-0766; FAX: 425-654-1205

10.9 Plaintiffs are entitled to prejudgment interest on all damages and out-of-pocket expenses directly and indirectly caused by the negligence alleged herein.

## XI. PRAYER FOR RELIEF

**WHEREFORE Plaintiffs** pray for judgment over and against Defendants for all causes of action pled, and for all injuries and damages allowed, provided for or permitted by the common law and statutory laws of the State of Washington and in such amount that shall be determined by the finder of fact under the evidence presented at arbitration or trial, together with any such available damages to include:

11.1 For an award of damages compensating Plaintiffs' medical expenses and other out of pocket expenses in an amount to be proven at trial.

11.2 For an award of damages compensating Plaintiffs' physical pain and suffering in an amount to be proven at trial.

11.3 For an award of damages compensating Plaintiffs' mental and emotional distress in an amount to be proven at trial.

11.4 For an award of damages compensating Plaintiffs' costs, including arbitration, and attorney's fees in an amount to be proven at trial and pursuant to RCW 19.86.090.

11.5 For an award of damages compensating Plaintiff's, Steve Pearson's, damages for the loss of consortium.

11.6 For an award of damages compensating Plaintiffs' pre and post judgment interest on all fixed and liquidated damages and out-of-pocket expenses, directly and indirectly caused by the negligence alleged herein in an amount to be proven at trial.

11.7 For an award of damages compensating Plaintiffs for any incidental and consequential damages.

11.8 For any other relief that this court deems just and equitable.

**DATED** this 2nd day of December, 2024

**LAW OFFICE OF REED YURCHAK**

*/s/ Reed Yurchak*
Reed Yurchak, WSBA #37366
Law Office of Reed Yurchak
13555 SE 36th St., Ste. 100
Bellevue, WA 98006
Telephone (206) 866-0766
Facsimile (425) 654-1205
Email: reed@yurchaklaw.com
*Attorney for Plaintiffs*